UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided October 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1957

| | |
|---|---|
| LINDA SIELCK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 06 C 1582 |
| JEFFREY R. SIELCK, et al., *Defendants.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Linda Sielck sued her ex-husband, the attorneys involved in their divorce proceedings, and her marriage counselor for supposed civil rights violations. During screening of her *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2)(B), the district court dismissed the case, ruling that Sielck failed to state a federal claim. We affirm but on slightly modified grounds: no federal

---

[*] No defendants have been served, and the appeal was submitted without the filing of briefs or other participation by the defendants. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

jurisdiction exists over several of her claims because they require an impermissible review of a state court judgment, but the remainder of her complaint indeed fails to state a federal claim.

According to Sielck's complaint, the defendants all violated her civil rights under 42 U.S.C. § 1985 and certain federal criminal statutes by defaming her, and denying her custody over her children and marital assets. Specifically, she claimed that Jeffery Sielck, her ex-husband, aided by his attorneys, defamed her during their divorce proceedings in state court and her own attorney failed to protect her and her children, resulting in the state court awarding Jeffrey both custody of her children and the "marital property." She also claimed that Jeffery lied to their marriage counselor who improperly relied on those lies when he signed a certification that permitted her commitment in a mental hospital.

Before moving to the legal sufficiency of Sielck's claims, we must first determine whether the district court had subject matter jurisdiction. Federal courts other than the United States Supreme Court lack subject matter jurisdiction to review state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Dist. Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "In assessing the applicability of the *Rooker-Feldman* doctrine in a particular case, 'the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Long*, 182 F.3d at 555 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the alleged injury is the result of the state court's judgment, then federal courts lack subject matter jurisdiction. *Id.* Here, Sielck alleges that the defendants' misconduct throughout the divorce proceedings resulted in a state court judgment that deprived her of "marital property" and custody of her children. Because those injuries were the direct result of the state court judgment itself, the district court lacked jurisdiction to consider Sielck's claims regarding those claims.

With regard to Sielck's allegations that her ex-husband defamed her and lied to have her committed to a mental institution, these alleged injuries precede the judgment but we agree with the district court that she nonetheless fails to state a federal claim. To establish a civil conspiracy under § 1985, Sielck must show that the conspiracy is driven by a racial animous, *Alexander v. City of South Bend*, 433 F.3d 550, 556-57 (7th Cir. 2006), but she has not alleged any racial motivation for the defendant's actions. And although Sielck did not cite 42 U.S.C. § 1983, she could not state a claim under that statute because she does not assert that the defendants acted under the color of state law, *Valentine v. City of Chicago*, 452 F.3d 670, 682 (7th Cir. 2006). Accordingly, the district court's judgment of dismissal is AFFIRMED as modified.